IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MARY LOUISE BROOKS,

        Plaintiff,

v.                                                    Case No. 2:16-cv-02670-JTM

NANCY A. BERRYHILL, *Acting
Commissioner of Social Security*,

        Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on plaintiff's motion for attorney fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 (EAJA). Dkt. 19. The Commissioner opposes the motion, arguing that her position in the litigation was substantially justified. Dkt. 21. For the following reasons, the motion is granted.

**I. Background.**

After plaintiff's applications for disability insurance benefits and supplemental security income were denied by the Social Security Administration, she requested and received an evidentiary hearing before an Administrative Law Judge (ALJ). The ALJ found that plaintiff was not disabled within the meaning of the Social Security Act because, despite her impairments, she was capable of performing her past work as an office manager. Plaintiff appealed, and this court agreed with plaintiff's argument that the ALJ erred in two respects. First, in assessing the severity of plaintiff's mental impairment, the ALJ did not apply the analysis required by § 414.1520a. Among other

things, that regulation requires the ALJ to apply a special technique and to include specific findings as to the degree of limitation in each of several functional areas, and the ALJ must consider those limitations when formulating the Residual Functional Capacity (RFC). There was no indication the ALJ did so in this case. Second, under the regulations, past work is considered relevant only if it lasted long enough for the plaintiff to learn to do it. Plaintiff's prior job as an officer manager required more than two years to learn, according to the Dictionary of Occupational Titles, but the record showed plaintiff only performed the job for two years. Accordingly, the court found the ALJ erred in relying on plaintiff's asserted ability to perform the job of office manager.

**II. EAJA Standards.**

The EAJA requires a court to award fees and other expenses to a prevailing party in a suit against an agency of the United States "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); *see also Goatcher v. Chater*, 57 F.3d 980, 981 (10th Cir. 1995). A plaintiff who obtains a sentence four remand under 42 U.S.C. § 405(g) is a prevailing party for EAJA purposes. *Shalala v. Schaefer*, 509 U.S. 292, 301-02 (1993).

The Commissioner bears the burden to show that her position was substantially justified. *Gilbert v. Shalala*, 45 F.3d 1391, 1394 (10th Cir. 1995). "A position can be justified even though it is not correct, and ... can be substantially (i.e., for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact." *Pierce v. Underwood*, 487 U.S. 552, 566 n.2 (1988). *See also Hackett v.*

2

*Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007) (substantially justified means the Commissioner's position was reasonable in law and in fact and can be justified to a degree that could satisfy a reasonable person).

"In determining whether the Commissioner's position was substantially justified, the court focuses on the issue(s) that led to remand—not the issue of disability." *Brooks v. Barnhart*, 2006 U.S. Dist. LEXIS 95143, at *2, 2006 WL 3027975 (D. Kan. Sept. 25, 2006) (internal citations omitted). It remains the burden of the party seeking the award to show that both the hourly rate and the number of hours expended is reasonable under the circumstances. *Hensley v. Eckerhart*, 461 U.S. 424, 433-34 (1983); *see also Brooks*, 2006 U.S. Dist. LEXIS 95143, at *5, 2006 WL 3027975; *MacDonald v. Colvin*, No. 2:14-CV-02446-JTM, 2016 WL 55270, at *2 (D. Kan. Jan. 5, 2016).

**III. Discussion.**

A review of the Commissioner's response brief shows that in opposing remand, the Commissioner asserted there was substantial evidence to support the ALJ's findings that plaintiff's mental impairment was not severe and that it imposed no functional limitation. Dkt. 3 at 5-6. As for plaintiff's past work as an office manager, the Commissioner argued plaintiff failed to show that she required more than two years to learn the job, so the ALJ did not err by relying upon plaintiff's ability to perform that job to find that she was not disabled. *Id.* at 8. The Commissioner also argued that the vocational expert's testimony showed that plaintiff could perform her past relevant work. *Id.* at 9.

3

The court finds the Commissioner's position in this litigation was not substantially justified. With respect to the first procedural error requiring remand—i.e., the ALJ's failure to analyze plaintiff's mental impairment as required by § 414.1520a—the Commissioner's response brief failed to address the applicable regulation, whether the ALJ complied with it, and the effect of failing to comply with it. As for the second procedural error—the ALJ's reliance on plaintiff's past work as an office manager—the Commissioner's brief acknowledged that the DOT states that the job takes *more than* two years to learn, but that plaintiff only worked in the position for two years. The brief did not explain why this discrepancy would be insufficient to meet plaintiff's burden of proof. Moreover, the Commissioner cited a vocational expert's testimony (Dkt. 13 at 9) in support of the contention that plaintiff could perform the office manager job, but the portion cited appears to address a hypothetical for a person capable of performing light work, not a person like the plaintiff, who was (according to the ALJ) capable of sedentary work. Dkt. 9-1 at 100-01 (Tr. at 95-96)). Additionally, the portion of the transcript addressing the ability of a person capable of sedentary work to do the office manager job is unintelligible and fails to support the Commissioner's assertion. *See* Dkt. 17 at 10.

The Commissioner's arguments on the points requiring remand did not cite a reasonable basis in law and fact for affirming the ALJ's decision. The Commissioner's litigating position was not substantially justified within the meaning of the EAJA. The court concludes that an award of attorney fees is appropriate under 28 U.S.C. § 2412(d)(1)(A).

Plaintiff seeks an award of attorney fees in the amount of $5,000 and court costs of $400. Dkt. 19. The award is supported by itemized time records reflecting a total of 2.8 hours expended in 2016 and 24.4 hours in 2017, billed at a rate that complies with 28 U.S.C. § 2412(d)(2)(A). The total amount of $5,000 reflects a voluntary reduction of $322.52. Dkt. 19 at 4. The Commissioner has not objected to plaintiff's calculation of fees. The court finds that the hours submitted are reasonable and were reasonably necessary to accomplish the result, and further finds that the requested hourly rate is reasonable.

As the Commissioner points out, the award of attorney fees must be made payable to the plaintiff Mary Louise Brooks as the prevailing party. *See Astrue v. Ratliff*, 560 U.S. 586 (2010).

**IT IS THEREFORE ORDERED** this 11th day of September, 2017, that plaintiff's Motion for Attorney Fees (Dkt. 19) is GRANTED in the amount of $5,000 in attorney fees and $400 in court costs.

          ___s/ J. Thomas Marten_____
          J. THOMAS MARTEN, JUDGE