IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MARY LOUISE BROOKS,

    Plaintiff,

v.                                            Case No. 16-2670-JTM

NANCY A. BERRYHILL,
Acting Commissioner of
Social Security Administration,

    Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on the motion of attorney Robert M. Driskill of Burnett & Driskill, Attorneys for an award of attorney fees pursuant to 42 U.S.C. § 406(b) (Dkt. 24). Driskill seeks an award of $7,601.25 in conjunction with his representation of Mary Louise Brooks in this matter, to be paid by the Commissioner of the Social Security Administration. Defendant, the Acting Commissioner of the Social Security Administration (SSA), has responded and takes no position on the amount of fees requested. (Dkt. 26, p.3).

    42 U.S.C. § 406(b)(1)(A) states

    [w]henever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total past-due benefits to which the claimant is entitled by reason of such judgment ….

Brooks received an unfavorable decision from the SSA on September 12, 2016, and filed a Complaint appealing that administrative final decision on September 30, 2016. (Dkt. 1).

After Brooks and the SSA both filed briefs in the matter, the court entered a Memorandum and Order on May 26, 2017 reversing the Commissioner's decision and remanding the matter to the SSA for further consideration. (Dkt. 17). Brooks then sought an award from the court of $5,000 for attorney fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 (EAJA). (Dkt. 19). The EAJA requires a court to award fees and other expenses to a prevailing party in a suit against an agency of the United States "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award just." 28 U.S.C. § 2412(d)(1)(A); *see also Goatcher v. Chater*, 57 F.3d 980, 981 (10th Cir. 1995). The court granted the motion for fees, finding that Brooks was a prevailing party under the EAJA and that the Commissioner's position in the litigation was not substantially justified. (Dkt. 23, p. 4-5).

An award of attorney fees under 42 U.S.C. § 406(b) differs from an award of fees under the EAJA, in that the fees are paid directly out of a claimant's past-due benefits rather than by the agency. While EAJA awards are based upon time expended and the attorney's hourly rate, which is capped at $125 an hour (28 U.S.C. § 2412(d)(2)(A), "§ 406(b)'s language does not exclude contingent-fee contracts that produce fees no higher than the 25 percent ceiling." *Gisbrecht v. Barnhart*, 535 U.S. 789, 799-800 (2002). "Within the 25 percent boundary … the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id*. at 809. If the court's review of the contingent-fee agreement shows the fee ultimately sought is not reasonable, the court may reduce the attorney's reward "based upon the character of the representation and the results the representative achieved." *Id.* at 808 (citing *McGuire v. Sullivan*, 873 F.2d

2

974, 983 (7th Cir. 1989) ("Although the contingency agreement should be given significant weight in fixing a fee, a district judge must independently assess the reasonableness of its terms.")).

In this case, Brooks and her attorney entered into an Attorney Fee Contract for Representation Before the Social Security Administration, in which Brooks agreed:

> If I DO receive a favorable decision – initial, partial, or fully favorable – issued by the SSA, the attorney fee will be ONE-FOURTH (25%) of all back due or past due benefits, including any auxiliary benefits resulting from my claim(s), not to exceed the maximum dollar amount allowed under 42 U.S.C. 406(s)(2)(A), in effect at the time of the decision." (Dkt. 24-2, p.1). Subsequent to this court's remand, the SSA issued Brooks a fully favorable decision and awarded past-due benefits in the amount of $36,405.

(Dkt. 24-3, p. 4; Dkt. 25) (emphasis in original).

Under the circumstances the court finds the contingent-fee agreement between Brooks and Driskill is valid and enforceable and within the statutory cap set by 42 U.S.C. § 406(b). The court further finds that the fee of $7,601.25, representing 25 percent of the past-due benefits paid to Brooks, less the $1,500 already paid by the SSA to Driskill for his work on the administrative portion of this case, is reasonable for the services rendered and the result achieved. Driskill's motion for an award of fees is GRANTED. Pursuant to 42 U.S.C. § 406(b)(1)(A), in the event an attorney fee is paid out of a claimant's past-due benefits, "no other fee may be payable or certified for payment for such representation except as provided in this paragraph." Driskill must therefore refund Brooks the $5,000 fee award he received under the EAJA. *See also Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986) (finding that in order to prevent double payment of fees for the same work

done, an attorney receiving an award under both the EAJA and the Social Security Act must pay his client the smaller of the two awards).

IT IS THEREFORE ORDERED that Driskill is awarded $7,601.25 as an attorney fee in this matter pursuant to 42 U.S.C. § 406(b). Driskill shall refund Brooks the $5,000 previously received as an attorney fee award within seven days of this Order.

IT IS SO ORDERED.

Dated this 17th day of June, 2019.

<u>s/ J. Thomas Marten</u>
THE HONORABLE J. THOMAS MARTEN
UNITED STATES DISTRICT COURT